1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DARRELL SMITH,                              No.  2:15-cv-0359 KJN P

12                    Plaintiff,

13          v.                                   ORDER

14   S. MOSS, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to

18   42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

20   § 636(b)(1).

21          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

22   Accordingly, the request to proceed in forma pauperis is granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

24   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

25   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

26   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

27   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

28   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3  § 1915(b)(2).

4       The court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

16  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

17  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

18  1227.

19       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

24  formulaic recitation of the elements of a cause of action"; it must contain factual allegations

25  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

26  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

27  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

28  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2

1   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

2   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

3   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

4   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

5          Named as defendants are S. Moss and G. Matteson.  Plaintiff alleges that he was denied

6   due process during prison disciplinary proceedings.  In particular, plaintiff alleges that the rules

7   violation report was not served within the time frame set forth in the regulations.  Attached as an

8   exhibit to the complaint is a copy of the rules violation report.  The report states that on October

9   29, 2013, Correctional Officer Johnson found a bindle in plaintiff's front right jacket.  (ECF 1 at

10  20.)  The bindle was later determined to contain marijuana.  (Id. at 22.)  Plaintiff was charged

11  with possession of a controlled substance for distribution.  (Id. at 20.)  Plaintiff was found guilty

12  and assessed 180 days loss of behavioral credits, 10 days loss of "ASU" yard, 30 days loss of all

13  packages and special privileges, one year loss of visits, etc.  (Id. at 22.)  As relief, plaintiff

14  requests that his disciplinary conviction be overturned, visits be restored and that he receive

15  compensation.

16         In Heck v. Humphrey, 512 U.S. 477 (1994), an Indiana state prisoner brought a civil

17  rights action under § 1983 for damages.  Claiming that state and county officials violated his

18  constitutional rights, he sought damages for improprieties in the investigation leading to his

19  arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice

20  identification procedure").  Convicted on voluntary manslaughter charges, and serving a fifteen

21  year term, plaintiff did not seek injunctive relief or release from custody.  The United States

22  Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

23         in order to recover damages for allegedly unconstitutional
           conviction or imprisonment, or for other harm caused by actions
24         whose unlawfulness would render a conviction or sentence invalid,
           a § 1983 plaintiff must prove that the conviction or sentence has
25         been reversed on direct appeal, expunged by executive order,
           declared invalid by a state tribunal authorized to make such
26         determination, or called into question by a federal court's issuance
           of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages
27         bearing that relationship to a conviction or sentence that has not
           been so invalidated is not cognizable under 1983.

28

1  Heck, 512 U.S. at 486.

2        In Heck, the Supreme Court expressly held that a cause of action for damages under §

3  1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence

4  has been invalidated, expunged or reversed.  Id.

5        In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court held that Heck applies to

6  challenges to prison disciplinary hearings when the nature of the challenge to the procedures

7  could be such as necessarily to imply the invalidity of the judgment.

8        Plaintiff's claims challenge the validity of his prison disciplinary conviction.   It does not

9  appear that this disciplinary conviction has been invalidated, expunged or reversed.  For that

10  reason, plaintiff's claim for money damages is barred by Heck.  To the extent plaintiff seeks to

11  simply overturn the disciplinary conviction, he must file a habeas corpus petition pursuant to 28

12  U.S.C. § 2254.  While it does not appear that plaintiff can cure these pleading defects, in an

13  abundance of caution plaintiff is granted leave to amend.

14        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

15  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.

16  Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

17  named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is

18  some affirmative link or connection between a defendant's actions and the claimed deprivation.

19  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

20  (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

21  rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

23  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

24  complaint be complete in itself without reference to any prior pleading.  This requirement exists

25  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

26  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

27  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

28  ////

4

1   original complaint, each claim and the involvement of each defendant must be sufficiently

2   alleged.

3        In accordance with the above, IT IS HEREBY ORDERED that:

4        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

5        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

6   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

7   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

8   Director of the California Department of Corrections and Rehabilitation filed concurrently

9   herewith.

10       3.  Plaintiff's complaint is dismissed.

11       4.  Within thirty days from the date of this order, plaintiff shall complete the attached

12  Notice of Amendment and submit the following documents to the court:

13            a.  The completed Notice of Amendment; and

14            b.  An original and one copy of the Amended Complaint.

15  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

16  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

17  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

18  Failure to file an amended complaint in accordance with this order may result in the dismissal of

19  this action.

20  Dated:  February 24, 2015

21

22                                    _____
                                      KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE
23

24  Sm359.14

25

26

27

28

5

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  DARRELL SMITH,                          No.  2:15-cv-0359 KJN P

12              Plaintiff,

13        v.                                NOTICE OF AMENDMENT

14  S. MOSS, et al.,

15              Defendants.

16

17        Plaintiff hereby submits the following document in compliance with the court's order

18  filed_____.

19                    _____       Amended Complaint
    DATED:
20

21

22                                        _____
                                          Plaintiff

23

24

25

26

27

28