UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>S. MOSS, et al.,<br><br>        Defendants. | No. 2:15-cv-0359 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. (ECF No. 7.)

On February 24, 2015, the court dismissed plaintiff's complaint with leave to amend. (ECF No. 4.) Pending before the court is plaintiff's amended complaint. (ECF No. 8.) For the reasons stated herein, this action is dismissed.

Named as defendants are S. Moss and G. Matteson. (Id. at 1.) Plaintiff alleges that he was denied due process during prison disciplinary proceedings. (Id. at 3.) In particular, plaintiff alleges that the rules violation report was not served within the time frame set forth in the regulations. (Id.)

Attached as an exhibit to the amended complaint is a copy of the rules violation report. The report states that on October 29, 2013, Correctional Officer Johnson found a bindle in plaintiff's front right jacket. (Id. at 20.) The bindle was later determined to contain marijuana.

(<u>Id.</u>) Plaintiff was charged with possession of a controlled substance for distribution. (<u>Id.</u>) Plaintiff was found guilty and assessed 180 days loss of behavioral credits, 10 days loss of "ASU" yard, 30 days loss of all packages and special privileges, one year loss of visits, etc. (<u>Id.</u> at 26.) As relief, plaintiff requests that his disciplinary conviction be overturned, visits be restored and that he receive compensation.

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

<u>Heck</u>, 512 U.S. at 486.

In <u>Heck</u>, the Supreme Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. <u>Id.</u>

In <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997), the Supreme Court held that Heck applies to challenges to prison disciplinary hearings when the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment.

Plaintiff's claim alleging time constraint violations challenges the validity of his prison disciplinary conviction. A finding that the rules violation was not heard within the time limits provided for in the regulations would result in a reversal of plaintiff's disciplinary conviction. It

does not appear that this disciplinary conviction has been invalidated, expunged or reversed. For that reason, plaintiff's claim for money damages based on the alleged violation of due process is barred by Heck. To the extent plaintiff seeks to simply overturn the disciplinary conviction, he must file a habeas corpus petition pursuant to 28 U.S.C. § 2254.

Plaintiff also alleges that during the disciplinary hearing, he asked defendant Moss if he (plaintiff) could get his notes and a copy of Title 15. (ECF No. 8 at 5.) Plaintiff alleges that defendant Moss denied this request because he was not interested in hearing plaintiff's side of the story "which led [plaintiff] to believe it was retaliation." (Id.)

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted).

The prisoner must show that the type of activity in which he was engaged was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. Hines v. Gomez, 108 F.3d 265, 267–68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence). Retaliatory motive may be shown by the timing of the allegedly-retaliatory act and other circumstantial evidence, as well as direct evidence. Bruce v. Ylst, 351 F.3d 1283, 1288–89 (9th Cir. 2003). However, mere speculation that defendants acted out of retaliation is not sufficient. Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014) (citing cases) (affirming grant of summary judgment where there was no evidence that defendants knew about plaintiff's prior lawsuit, or that defendants' disparaging remarks were made in reference to prior lawsuit).

For the following reasons, the undersigned finds that plaintiff has not stated a potentially colorable retaliation claim against defendant Moss. First, plaintiff has not demonstrated that defendant Moss violated a constitutional right by refusing to allow him to get his notes and a copy

3

of Title 15. Plaintiff had a constitutional right to present documentary evidence at the disciplinary hearing. See Wolff v. McDonnell, 418 U.S. 539, 653-67 (1974). However, plaintiff did not have a constitutional right to have "notes," which apparently were not evidence, or a copy of Title 15. Plaintiff does not claim that his "notes" were evidence which he was not permitted to present.[1]

In addition, plaintiff's claim that defendant Moss denied his request to obtain his notes and a copy of Title 15 based on a retaliatory motive is vague and conclusory. Plaintiff does not describe why defendant Moss would have been motivated to retaliate against him. For these reasons, the undersigned finds that plaintiff has not stated a potentially colorable retaliation claim.

Because plaintiff has not stated potentially colorable claims alleging violations of his constitutional rights, this action is dismissed.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed.

Dated: April 23, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Sm359.dis

---

[1] If plaintiff claimed that his notes contained exculpatory evidence, then a claim alleging that defendant Moss denied plaintiff's request to obtain and present the notes/evidence would most likely be Heck barred.

4